# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | |
| ) | Case No. 7:24-cr-230-AMM-JHE-1 |
| **KEY'ONSTIS MAURICE** ) | |
| **MORGAN,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This case is before the court on defendant Key'Onstis Maurice Morgan's Motion to Suppress. Doc. 15. Mr. Morgan argues, "Law enforcement unlawfully prolonged a traffic stop in which Mr. Morgan was a vehicle passenger, violating the Fourth Amendment." *Id.* at 1. "Mr. Morgan seeks to suppress the physical evidence found in the vehicle and all statements he made regarding the possession of an alleged short-barreled rifle and any alleged improvised explosive devices . . . ." *Id.* The government filed a Response in Opposition. Doc. 22. The magistrate judge conducted a suppression hearing on November 7, 2024. Doc. 36. After the hearing, the government filed a supplemental brief in opposition to the defendant's motion, Doc. 34, and Mr. Morgan filed a supplemental brief in support of the motion, Doc. 35.

On April 1, 2025, the magistrate judge entered a report recommending that the court deny the motion to suppress. Doc. 37. The magistrate judge "conclude[d] that there was in fact no *Rodriguez* moment during the traffic stop," and "[a]lthough [the officer] engaged in unrelated questioning, he did not prolong the stop in doing so." *Id.* at 8. "In the alternative, even if the stop were prolonged by the . . . officers . . . , reasonable suspicion existed for them to do so." *Id.* at 21. The magistrate judge also concluded that "the government has not met its burden to show that a probable cause search of the vehicle would inevitably have occurred even if the consent search had not." *Id.* at 25.

Mr. Morgan filed objections to that recommendation. Doc. 38. Those objections raise four primary arguments, *see id.*, which this court will discuss in turn. First, "Mr. Morgan objects to the finding that Officer Page requested his identification for officer safety reasons." *Id.* at 1. He argues that the officer "asked for Mr. Morgan's ID because he believed Mr. Morgan was unbelted," and the officer's "belief that Mr. Morgan was unbelted in a stationary vehicle does not justify his request for Mr. Morgan's identification." *Id.* This objection is a disagreement with the magistrate judge's weighing of the evidence and does not support rejecting the magistrate judge's recommendation.

Second, Mr. Morgan "objects to the conclusion that *United States v. Purcell*, 263 F.3d 1274 (11th Cir. 2001), is still good law." Doc. 38 at 1. He argues, "*Purcell*

2

cannot be relied on to justify obtaining a passenger's identification in the wake of *Rodriguez* and *Campbell*." *Id.* at 2. This objection is a disagreement with the magistrate judge's legal conclusion and is not supported by applicable law. "[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). *Rodriguez* does not expressly overrule *Purcell*, which continues to be cited as precedential in the Eleventh Circuit. *See, e.g., United States v. Martin*, No. 24-11258, 2025 WL 1122683, at *2 (11th Cir. Apr. 16, 2025) ("During a traffic stop, officers are allowed to take reasonable steps needed to protect their safety.") (citing *Purcell*, 236 F.3d at 1277); *United States v. Gonzalez-Zea*, 995 F.3d 1297, 1307 (11th Cir. 2021) (citing *Purcell*, 236 F.3d at 1281). The magistrate judge's report states, "Although it is true that *Purcell* used the 'reasonable time' standard previously applicable in this Circuit, its officer safety concerns are consistent with what *Rodriguez* permits." Doc. 37 at 11. The magistrate judge concluded "that *Purcell* is still the law in this circuit," and *Purcell* allows "an officer [to] permissibly seek to identify a passenger during a traffic stop." *Id.* at 17–18. Mr. Morgan's objections do not support rejecting these conclusions.

Third, Mr. Morgan "objects to the conclusion that Officer Page did not unlawfully prolong the traffic stop" when he "require[ed] that Mr. Morgan identify

3

himself specifically by Social Security number." Doc. 38 at 2. This objection is a disagreement with the magistrate judge's weighing of the evidence and ultimate legal conclusion based on that evidence. Mr. Morgan's objection does not support rejecting the magistrate judge's recommendation.

Fourth, "Mr. Morgan objects to the conclusion that Officer Page had reasonable suspicion to investigate whether Mr. Morgan obstructed justice by using false identifying information . . . in violation of Ala. Code § 13A-8-194 . . . ." Doc. 38 at 3–4. This objection is a disagreement with the magistrate judge's weighing of the evidence and ultimate legal conclusion based on that evidence. Mr. Morgan's objection does not support rejecting the magistrate judge's recommendation.

Because Mr. Morgan's objections do not support rejecting the magistrate judge's recommendation, the court **OVERRULES** his objections. Doc. 38.

Having carefully reviewed and considered *de novo* all the materials in the record, including the report and recommendation and objections thereto, the court hereby **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation. Doc. 37. Thus, the court **DENIES** Mr. Morgan's Motion to Suppress. Doc. 15.

**DONE** and **ORDERED** this 7th day of May, 2025.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE